**EXHIBIT A**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JULIE JAY, an individual,<br><br>    Plaintiff,<br>vs.<br><br>PORT OF SEATTLE, a special purpose municipal corporation and DOE CORPORATIONS 1-5,<br><br>    Defendants. | No.<br><br>COMPLAINT FOR DAMAGES |

Julie Jay, by and through her attorney of record, Parker D. Davidson of Sears Injury Law, PLLC, and for cause of action against Defendants Port of Seattle, a special purpose municipal corporation, and Doe Corporations 1-5, complains and alleges as follows.

## I.   IDENTIFICATION OF PLAINTIFF

1.1   Plaintiff Julie Jay was at all times relevant hereto a resident of Maricopa County, Arizona.

## II.   IDENTIFICATION OF DEFENDANTS

2.1   Defendant Port of Seattle is a special purpose municipal corporation operating Seattle Tacoma International Airport ("Sea-Tac") in King County, Washington. At all material times, Port

**COMPLAINT FOR DAMAGES – 1**

**SEARS INJURY LAW PLLC**
929 East Main, Suite 305A
Puyallup, WA 98372
(253) 286-7444 – Fax (253) 435-8919

of Seattle was responsible for the maintenance, upkeep, and safety of the interior premises of Sea-Tac including, but not limited to the scene of the incident alleged below.

2.2     Defendant Doe Corporations 1-5 are unknown entities that were at all times material and relevant hereto, responsible for the maintenance, upkeep, and safety of the interior premises of Sea-Tac including, but not limited to the scene of the incident alleged below.

### III.     JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

3.1     The incident subject of this litigation occurred in King County, Washington. Venue is proper pursuant to RCW 4.12.020(3).

3.2     Defendant Port of Seattle is domiciled in King County, Washington.

3.3     Jurisdiction and venue are proper.

3.4     Any and all claim notices have been properly filed and served, and any applicable waiting period has expired since the date of filing and service of the complaint.

3.5     Defendant Port of Seattle acknowledges they have been properly served with the Summons and Complaint in this matter.

### IV.     FACTUAL ALLEGATIONS

4.1     Date: Plaintiff Julie Jay's injuries arise out of a slip and fall at Sea-Tac on August 15, 2019.

4.2     Location: The incident occurred in the B Concourse of Sea-Tac near Gate B10.

4.3     Details: At or around 5:23 AM on August 15, 2019, Plaintiff Julie Jay was proceeding with her flight crew toward their flight in the area of Gate B10. As Plaintiff passed through the gate area, she slipped on a foreign substance on the floor that, upon information and belief, were greasy scrambled eggs.

4.4     Details: There were no warning signs, cones, or other systems used to warn Plaintiff that the concourse might be slippery or otherwise unsafe.

4.5     Details: The nature of Defendant Port of Seattle's business and their methods of operation are such that the existence of spilled food or drink that would cause unsafe conditions in the concourse is reasonably foreseeable.

4.6     Details: The Defendants were aware or should have been aware of the unsafe conditions present on the concourse near Gate B10.

4.7     Details: At all material times hereto, Plaintiff was a business invitee on the Sea-Tac premises.

## V.     NEGLIGENCE

5.1     Duty: On the date of Plaintiff's fall, the common areas of Concourse B at Sea-Tac were under the ownership, control, supervision, management, care, and maintenance of the Defendants.

5.2     Negligence: Defendants, through common law, statute, regulation, and/or ordinance owed Plaintiff a duty to keep the common areas of Concourse B safe and the property maintained for the benefit of its business invitees. Defendants also had a duty to:

(a)     Provide safe and adequate maintenance of the premises and grounds;

(b)     Provide warnings regarding unsafe areas and hidden dangers;

(c)     Have a system to provide warnings to invitees by roping off, taping off, and/or utilizing safety cones to mark unsafe or hidden dangers;

(d)     Have policies and procedures in place to inspect the concourse and other common areas for unsafe conditions;

(e)     Have a policy of supervising employees, independent contractors, and vendors to ensure that they are complying with all Port of Seattle safety guidelines and all other state and local safety regulations and statutes;

(f) Inspect the premises of unsafe conditions due to the nature of Defendants' business and methods of operation which makes the existence of spilled drink or food that would cause unsafe conditions foreseeable where thousands of travelers are purchasing food to go before proceeding to their assigned gates and boarding flights, often while consuming their to-go food and drink;

(g) In addition, or in the alternative to 5.2(f), to remedy the premises of unsafe conditions once its employees or agents become aware or should have become aware of unsafe conditions; and

(h) Ensure that common areas used by invitees of Sea-Tac are maintained and cleaned to prevent slip and falls.

5.3     No Contributory Negligence: Plaintiff's actions were reasonable, legal, and safe. As such, Plaintiff was not comparatively at fault or contributory negligent for her slip and fall and the resulting damages.

5.4     Breach: Defendants breached their duty as set forth in Paragraph 5.2(a) through (h).

5.5     Proximate Cause: As a direct and proximate result of the Defendants' breach of their duties to Plaintiff, Plaintiff suffered personal injuries.

## VI.     DAMAGES

6.1     As a direct and proximate result of the negligence alleged herein, Plaintiff suffered severe physical injuries and Plaintiff is entitled to reasonable compensation.

6.2     As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and may in the future incur medical expenses and other out-of-pocket expenses and Plaintiff is entitled to fair and reasonable compensation.

6.3	As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and has continued to suffer physical pain and suffering, and Plaintiff is entitled to fair and reasonable compensation.

6.4	As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered mental and emotional distress, loss of enjoyment of life, permanency of injury, and Plaintiff is entitled to fair and reasonable compensation.

6.5	As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered lost wages and may have suffered loss of future earning capacity, and Plaintiff is entitled to fair and reasonable compensation.

6.6	Plaintiff is entitled to reasonable attorney fees.

6.7	Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

6.8	Plaintiff is entitled to costs and disbursements herein.

## VII.	LIMITED WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

Pursuant to RCW 5.60.060(4)(b) and the provisions of the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70, Plaintiff hereby waives the physician/patient privilege only after 90 days, and insofar as necessary to place any and all alleged damages at issue at the time of trial, as might be required by any act or statute or case law interpreting said statutes or acts in the State of Washington. This limited waiver does not constitute a waiver of any of Plaintiff's constitutional or statutory rights and Defendants are not to contact any treating physician, past, present, or future, without first notifying counsel for Plaintiff, as required by and in compliance with the Uniform Health Care Information Act, so that they might bring the matter to the attention of the Court and secure appropriate relief to include limitations and restrictions upon any such Defendant's

desire or intent to contact past or subsequent treating physicians ex parte or otherwise. Plaintiff further states that *Loudon v. Mhyre*, 110 Wn.2d 675, 756 P.2d 138 (1988) and *Kime v. Niemann*, 64 Wn.2d 394 (1964), are the correct law governing waiver of physician-patient privilege in this state, and that the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70 sets forth the legal procedures required to secure a plaintiff's medical records and any related health care information.

## VIII.   REQUEST FOR RELIEF

Plaintiff prays for judgment over and against Defendants, by way of money damages for all causes of action pled, and for all injuries and damages allowed, provided for and permitted by common law and statutory law of the State of Washington, in such amount as shall be determined by the finder of fact under the evidence presented at trial, together with such other damages, to include Plaintiff's costs and attorney's fees, pre- and post-judgment interest on all fixed and liquidated damages where appropriate (e.g. past wage loss and fixed medical expenses), and such other and further relief as the court might deem to be just and equitable under the circumstances of the case at the time of trial herein, or post-trial.

DATED this 13th day of August 2021.

SEARS INJURY LAW PLLC

 *s/ Parker Davidson*
Parker D. Davidson, WSBA No. 49746
Attorney for Plaintiff Julie JayJu

**COMPLAINT FOR DAMAGES – 6**            **SEARS INJURY LAW PLLC**
929 East Main, Suite 305A
Puyallup, WA 98372
(253) 286-7444 – Fax (253) 435-8919